## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH L. GRAY,
          Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
DE-0752-14-0450-I-1

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth L. Gray, Sandy, Utah, pro se.

Grant L. Vaughn, Esquire, Salt Lake City, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the appellant's petition for review, VACATE the initial decision, and instead find that the appeal is barred by the doctrine of laches.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    On March 3, 1974, the agency appointed the appellant to a temporary position as a Sociologist, GS-0184-07, with a not-to-exceed date of July 3, 1974. Initial Appeal File (IAF), Tab 12 at 112. Effective July 7, 1974, the agency placed the appellant in a career-conditional appointment in the competitive service as a Sociologist, GS-0184-09.[2] *Id.* at 100. The appointment Standard Form 50 (SF-50), dated July 5, 1974, indicated that the appellant was subject to a 1-year probationary period commencing March 7, 1974. *Id*. On January 22, 1975, the agency issued a corrected SF-50 indicating that the appellant's probationary period began on July 7, 1974, instead of March 7, 1974. *Id*. at 94. Effective May 30, 1975, the appellant resigned. *Id.* at 73-74, 76. The SF-50 documenting the resignation indicated that he resigned during his probationary period due to "policy disagreements." *Id.* at 76.

¶3    On July 10, 2014, the Denver Field Office received the appellant's involuntary resignation appeal and request for a hearing. IAF, Tab 1. On appeal, the appellant alleged that, in 1975, his supervisor forced him to resign or to face termination. IAF, Tab 1 at 7. He further alleged that his supervisor falsified an SF-50 to reflect that he had not completed his probationary period and falsely informed him that he had no appeal rights. *Id*. at 7-9. He also appeared to argue that the agency violated the appeal rights notice requirements of 5 C.F.R. § 1201.21 to prevent him from filing a timely appeal.[3] *Id*. at 3. The administrative judge advised the appellant of his burden of proof to establish

---

[2] The Standard Form 50 documenting the appellant's career-conditional appointment lists the occupational series as GS-01840. IAF, Tab 12 at 100. Because the occupational series for a sociologist is 0184, the extra 0 at the end of the digits is presumably a typographical error.

[3] When the appellant resigned, 5 C.F.R. § 1201.21 was not yet in effect. Rather, 5 C.F.R. § 752.202(f) (1975) provided that, where an employee was subject to a covered adverse action, the decision notice must inform the employee, inter alia, of his right to appeal to the appropriate office of the Civil Service Commission, of the time limit for appealing, and where he may obtain information on how to pursue an appeal.

Board jurisdiction over an alleged involuntary resignation, issued orders on timeliness and the doctrine of laches, and afforded the parties an opportunity to respond. IAF, Tabs 2-3, 14. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that, under the regulations of the U.S. Civil Service Commission[4] pertaining to the termination of employees in 1975, the appellant was not a "covered employee" with appeal rights because: (1) on the date of his resignation, he was still serving a 1-year probationary period under 5 C.F.R. § 315.801 (1975); and (2) he had not completed 1 year of "current continuous employment" under 5 C.F.R. § 752.201(a)(1)(i) (1975) as there was a 3-day break in service prior to his July 7, 1974 career-conditional competitive service appointment. IAF, Tab 17, Initial Decision (ID).

¶4 The appellant has filed a timely petition for review, wherein he argues that the administrative judge erred by finding that he was not a "covered employee" in 1975. Petition for Review (PFR) File, Tab 1 at 1-9. The agency has filed a response in opposition to the appellant's petition for review,[5] and the appellant has filed a reply to the agency's opposition. PFR File, Tabs 3, 5.

The appellant was a "covered employee" with appeal rights to the Civil Service Commission when he resigned in May 1975 because he completed his probationary period as of March 6, 1975.

¶5 On review, the appellant argues that the administrative judge erred by finding that he was not a "covered employee" in 1975 because he had completed

---

[4] The Civil Service Commission was, in the context of employee appeals from a termination, the predecessor agency to the Board. *See Daisy v. U.S. Postal Service*, 68 M.S.P.R. 15, 17 (1995).

[5] Although the agency styled its submission as a "cross petition for review," we treat it as a response to the appellant's petition for review because the agency does not challenge the initial decision. *See* PFR File, Tab 3. The agency asserts that it "has no interest in challenging [the administrative judge's] findings and ruling," but that "there are other sound bases to dismiss the appeal"; specifically, the doctrine of laches, the presumption that the appellant's resignation was voluntary, and/or the "doctrine of absurdity." *Id.*

his probationary period by the time of his resignation, and he did not have a break in service between his temporary and career-conditional appointments. PFR File, Tab 1 at 1-9. The agency does not address this argument in its response to the appellant's petition for review. *See* PFR File, Tab 3.

¶6        Under the regulations in place when the appellant resigned, prior service under a temporary limited appointment could count toward completion of an individual's probationary period if it was: (1) rendered immediately prior to the career or career-conditional appointment or conversion; (2) in the same line of work; (3) in the same agency; and (4) with no more than one break in service of less than 30 days.[6] *See Long v. Department of the Navy*, 32 M.S.P.R. 438, 441 (1987) (relying on Federal Personnel Manual, chapter 315, Appendix A-3(c) (Apr. 27, 1982)); *Angell v. Department of the Navy*, 4 M.S.P.R. 266, 267-68 (1980). Here, the appellant was appointed to a temporary position as a Sociologist from March 3, 1974, to July 3, 1974. IAF, Tab 12 at 112. Effective July 7, 1974, the agency placed the appellant in a career-conditional appointment in the competitive service as a Sociologist. *Id.* at 100. Thus, the appellant's service in the temporary appointment should have been counted towards the completion of his probationary period because it was rendered immediately preceding the career-conditional appointment, in the same line of work, with the same agency, and only 3 days elapsed between the end of the temporary appointment and the beginning of the career-conditional appointment. As such, we find that the appellant completed his probationary period on or about March 6, 1975, and that, when he resigned, effective May 30, 1975, he was an "employee" under 5 C.F.R. § 752.202(a)(1)(i) (1975) with adverse action appeal rights to the Civil Service Commission.

---

[6] The appellant provided a printout of chapter S-2 of the July 29, 1960 Federal Personnel Manual (FPM), which sets forth the same criteria for determining when prior service may be counted towards completion of an employee's probationary period. *See* PFR File, Tab 1 at 17-19.

¶7        Although the administrative judge incorrectly found that the appellant was not a "covered employee" at the time of his alleged involuntary resignation, we find that the appeal is barred by the doctrine of laches for the reasons set forth below.

The appellant's appeal is barred by the doctrine of laches.

¶8        The equitable defense of laches bars an appeal when an unreasonable delay in bringing the appeal has prejudiced the agency. *See Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶ 6 (2010).  The party asserting laches must prove both unreasonable delay and prejudice.  *Id.*  Under laches, the mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar suit; rather, the delay must be unreasonable and unexcused.  *Cornetta v. United States*, 851 F.2d 1372, 1377-78 (Fed. Cir. 1988).  As to prejudice, there are two types that may stem from delay in filing suit.  First, "evidentiary" or "defense" prejudice may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the Board's ability to judge the facts.  *See A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992).  The second type, economic prejudice, centers on consequences, primarily monetary, to the government should the claimant prevail.  *Cornetta*, 851 F.2d at 1378.

¶9        In this case, the agency argues that the appellant's 40-year delay is unreasonable on its face and that he had access to his employment records when he separated in 1975 or, at the latest, in August 1979, when he received a transcript/statement of his Federal employment from the National Personnel Records Center (NPRC).  PFR File, Tab 3 at 5; *see* IAF, Tab 12 at 62-66.  Thus, the agency concludes, the appellant could have discovered the alleged error he is now appealing decades later.  PFR File, Tab 3 at 5.  Further, the agency argues that it has been "seriously prejudiced" by the appellant's delay, due to the unavailability of witnesses and the loss of potentially relevant documents after

four decades. *Id.* at 5-6. The appellant counters that laches does not bar this appeal because the agency is responsible for the delay and there is no prejudice to the agency because the available documents—namely, the appointment and resignation SF-50s—are sufficient to prove that the appellant was denied his constitutional right to due process. PFR File, Tab 5 at 9-12, 16, 18. The appellant also refutes the agency's contention that, as of 1979, he had all of the documentation necessary to make the arguments he now makes because the employment transcript shows only the appellant's dates of employment and does not contain any details about his probationary status. *Id.* at 7.

¶10 Contrary to the appellant's assertion, the SF-50 showing that he still was serving in his probationary period at the time of his resignation does not establish a due process violation. First, an SF-50 is merely a record of a personnel action usually generated after the action has been taken. *See Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010). The fact that it contains a mistake does not tend to show, much less establish, that the agency violated the appellant's due process rights. *See id.* Moreover, even if the resignation SF-50 had correctly reflected that he had completed his probationary period, and the agency otherwise treated him as a "covered employee," he would not have been entitled to the regulatory notice procedures or to appeal his resignation to the Civil Service Commission because a resignation is not a covered adverse action. *See* 5 C.F.R. §§ 752.201(b), 752.202-752.203 (1975). Rather, an employee-initiated action, such as a resignation, is presumed to be voluntary, and thus not a covered adverse action, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or to show that a reasonable person would have been misled by the agency. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). Accordingly, to show that the appellant's due process rights to notice and an appeal were violated, he must first show that the agency's actions vitiated the voluntariness of his choice. *See id.* A ministerial error on an SF-50 does not meet this burden.

¶11 Rather, the touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id*. The appellant has alleged that his resignation was involuntary because, in 1975, his supervisor told him that he was hiring a replacement and that the appellant could "resign immediately or be fired for no cause with no appeal rights." IAF, Tab 4 at 1-2. Although he purportedly told his supervisor that he did not want to resign or be fired, the appellant alleged that his supervisor "forced" him to resign. *Id.* at 2. He further alleged that his resignation was involuntary because the agency "imposed the terms of the resignation," he had "no realistic alternative but to resign," and "[t]he Agency's falsification of [his] probationary status had the intended effect to force [him] to quit." *Id*. at 4. The agency, however, responds that it cannot defend itself against these allegations because there is "no one" presently at the agency who has "any knowledge" of the appellant's former employment, and, even if the agency could find a former supervisor or personnel specialist who was present at the agency during the appellant's employment, there is no reasonable assurance that the individual would be able to remember any of the relevant details from 40 years ago. PFR File, Tab 3 at 6. Further, the agency asserts that, due to the 40-year delay, it is unable to determine whether there were any relevant records that may have since been destroyed, such as notes written by the former supervisor or personnel specialists. *Id.*

¶12 We find that the 40-year delay is unreasonable and has materially prejudiced the agency. Given the significant passage of time and the unavailability of witnesses and relevant documents, the agency is unable to defend itself against the appellant's allegations that his former supervisor's actions rendered his resignation involuntary. *See Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 9 (2014) (citing *Brown v. Department of the Air Force*, 88 M.S.P.R. 22, ¶¶ 8-9 (2001) (the loss of documents, retirement of witnesses, and faded recollections established that the agency suffered prejudice

due to the appellant's 6-year delay)). We agree with the appellant that the transcript of Federal employment does not contain the same information as the SF-50s about his probationary status, but we find that it does show that he had the ability to request his personnel records from the NPRC and could have requested his complete personnel file at any time over the past 40 years, as he did in 2014. Although the incorrect information on the SF-50 (and, if true, any misinformation given by the former supervisor) rendered the appellant's ability to exercise his appeal rights more difficult, his 40-year delay is unreasonable and inexcusable, especially in light of the overwhelming prejudice to the agency, which has no way to defend itself against the appellant's allegations. Thus, we find that this appeal is barred by the doctrine of laches.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.